**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-26709-JB**

JUAN PABLO GUACANEME ORTIZ,

Petitioner,

v.

WARDEN, FEDERAL DETENTION CENTER MIAMI, *et. al.*,

Respondents.
_____________________________________/

**ORDER DISMISSING IN PART AND**
**DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Juan Pablo Guacaneme Ortiz's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in opposition to the Petition. ECF No. [6]. No reply has been filed, and the time to do so has passed. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DISMISSED IN PART AND DENIED IN PART**.

## I. BACKGROUND

Petitioner is a Colombian national who lawfully entered the United States on or about July 27, 1999, on a nonimmigrant visitor visa (B2) that authorized him to remain in the U.S. until January 26, 2000. Record of Deportable/Inadmissible Alien, I-213, ECF No. [6-1] at 3. Petitioner, a child at the time, did not leave as required by

his visa. *Id.* Instead, he stayed in the U.S., ultimately committing grand theft. *Id.* While that charge was pending, on May 19, 2011, the Government issued Petitioner a Notice to Appear. *Id.* Petitioner continued to engage in criminal activity in the U.S., leading to burglary and robbery convictions. *Id.* In January 2023, Petitioner was ordered removed by a Department of Justice immigration judge, a decision he appealed. *Id.*

On March 12, 2026, a Florida Highway Patrol officer stopped Petitioner[1] and took him into immigration custody. *Id.* at 2. Since April 8, 2026, Petitioner has been held in Miami's Federal Detention Center. ECF No. [6-7] at 1. On August 7, 2026, an immigration judge held a custody redetermination hearing pursuant to 8 C.F.R. § 1236 and denied it, citing "flight risk [and] danger of [sic] community." ECF No. [6-9] at 1.

On September 25, 2026, Petitioner filed this Petition. ECF No. [1]. He raises 11 counts, which overlap and are often not causes of action, even read through the liberal pleading standards accorded to *pro se* parties. *See Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) (citation omitted). Petitioner argues that he has "been detained…for more than six months without having been provided…with documentation identifying the statutory basis for my detention, a meaningful explanation of the reasons for my continued detention, or an individualized custody determination establishing why continued incarceration is necessary." ECF No. [1]

[1] The I-213 states that the officer stopped "GODINEZ-JUAREZ, ARMANDO." ECF No. [6-1] at 2. Because the rest of the I-213 references Petitioner by name, the Court assumes that this was a typographical error by the Government.

at 2. And he seeks a range of relief from the Court, including release from custody. *Id.* at 25–26.

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Here, Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment because it has become unduly prolonged and because he has not been provided an explanation or "individualized custody determination." ECF No. [1] at 2.

To the extent Petitioner seeks a bond hearing—*see id.* ¶ 96 ("request[ing] that this Court order the Government to provide me with constitutionally adequate and individualized review of the necessity for my continued detention")—he has already received a custody redetermination hearing. The immigration judge denied bond on August 7, 2026, because of "flight risk [and] danger of [sic] community." ECF No. [6-9] at 1. The Court does not have jurisdiction to reconsider the immigration judge's assessment of flight risk and danger to the community. 8 U.S.C. § 1226(e) (providing, in the context of detention before a final removal order, that "[n]o court may set aside

any action or decision by the Attorney General under [§ 1226] regarding the detention of any alien or the revocation or denial of bond or parole"). Moreover, Petitioner did not appeal this detention determination to the Board of Immigration Appeals. *See* Decl. of Deportation Officer Lewin Villegas ¶ 17, ECF No. [6-2] at 3.

To the extent Petitioner argues that his detention has become unreasonably prolonged, the Court disagrees. Petitioner states that "[t]he Eleventh Circuit has recognized that prolonged immigration detention may, under the circumstances of a particular case, become constitutionally unreasonable." ECF No. [1] ¶ 95 (citing *Sopo v. U.S. Attorney General*, 825 F.3d 1349 (11th Cir. 2016))[2]; *id.* ¶ 135 (same). The Eleventh Circuit vacated *Sopo*. 890 F.3d 952 (11th Cir. 2018). Even if the Court accepts *Sopo*'s reasoning as persuasive, the Petition still fails. The *Sopo* panel had analyzed the Supreme Court's decisions and concluded that "there is little chance that a criminal alien's detention is unreasonable until *at least* the six-month mark." *Sopo*, 825 F.3d at 1217 (emphasis added), *vacated*, 890 F.3d 952 (11th Cir. 2018). Here, Petitioner had been detained just over six months when he filed his petition. Petitioner further points to "the totality of the circumstances—including the duration of my detention, my pending BIA appeal, my pending Motion to Remand, my approved family-based petition, my lawful entry into the United States, and the absence of a meaningful explanation concerning the legal basis for my continued detention." ECF No. [1] ¶ 136. However, the Government has indicated that Petitioner is "an alien detained under 8 U.S.C. § 1226(a)." ECF No. [6] at 3. The

[2] The correct citation to *Sopo* is 825 F.3d 1199 (11th Cir. 2016).

circumstances that Petitioner invokes do not persuade the Court that his detention has become constitutionally unreasonable.

Accordingly, the Court dismisses the Petition to the extent it seeks review of the immigration judge's bond decision and denies the Petition to the extent it seeks a determination that Petitioner's detention has become unconstitutionally prolonged.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DISMISSED IN PART AND DENIED IN PART**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 14th day of October, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**